In the Matter of the Petition of BERSHEBA CHIPMAN, Respondent.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Executors, etc.   Title.*—Performance of an oral agreement to care for testator and receive therefor his property at his death, does not divert the testator's title.

2. *Same.*—But it gives, *it seems*, an equitable interest in the real estate which must be protected on proceedings to sell it to pay debts.

*Obed Edson*, for appellant.

*C. F. Chapman*, for respondent.

BARKER, P. J.—This proceeding was begun by petition to the surrogate's court of Chautauqua county, to compel the sale of the real estate of Nathaniel T. Rider, deceased, for the payment of his debts.   The application was opposed by Emily, J. B., Warren M., George W., and Grant A. Hunt, who claimed an interest in the real estate sought to be sold, and who denied the jurisdiction of the surrogate's court over the parties and subject matter.   The contestants also denied that the said Rider, at his decease, had title to or was the owner of, or had any interest in the real estate in question, or that the said Rider was seized or possessed of said real estate at the time of his death.

The contestants further allege that prior to the death of the said Nathaniel T. Rider the said Emily and Judah B. Hunt were in possession of said premises under an agreement or understanding between them and the said Nathaniel T. Rider previously made, that they should have and own said real estate upon the performance of certain conditions and considerations which were fully performed and fulfilled, and they thereupon became the holders and owners thereof, and were such owners at the decease of said Rider.

Upon the issues thus presented the surrogate of Chautauqua county made an order pursuant to § 2547 of the Code of Civil Procedure directing the following questions of fact to be tried at a circuit court, to wit:

"*First*, Whether the said Nathaniel T. Rider died seized of the title to said real estate. *Second*, did the said Nathaniel T. Rider at his death own any title or interest in said lands; and if so, what title or interest?" The issues thus framed were brought to trial before the Chautauqua county court and a jury.

The jury answered the first question of fact submitted to them in the affirmative. The second question was not answered.

A motion for a new trial was made by the contestants before the surrogate of Chautauqua county in pursuance of § 2548 of the Code, and the surrogate denied the motion, and from the order denying the motion for a new trial this appeal is taken.

Upon the trial it appeared, by the undisputed evidence in the case that the contestants, Judah B. Hunt and Emily Hunt, moved unto the real estate in question some time about 1862, under an arrangement with said Rider by which they were to acquire an interest in the real estate in question.

The arrangement is differently stated by different witnesses examined on the trial. In the last will and testament of the said Rider the testator recites that " whereas, I have lived with and have had my support and maintenance with J. B. Hunt and Emily Hunt, his wife (who is my niece), for many years past, with the understanding that they should have my real estate at my decease. Now, in consideration thereof." The will proceeds to dispose of his real estate to the contestants and their children.

Mrs. Emily Hunt testified that the arrangement was that if " we go there and take care of him through sickness and in health, we was to have what was left of the farm and everything else that he had."

14

Other witnesses were called, stating the arrangement in different language, as admitted or stated by the testator in his lifetime.    In any event it appeared that at the time of the death of the testator the legal title remained in Nathaniel T. Rider, who devised it by his will to Mrs. and Mr. Hunt and their children.

There can be no question but that the contestants, J. B. Hunt and his wife, Emily, however, acquired by the verbal agreement with the testator, and their acts in pursuance of it, an equitable interest in the property in question.    But upon their own showing that agreement did not entitle them to the ownership of the property in question until the death of Rider.    Whatever that verbal agreement was, equity will enforce, but notwithstanding the equities of the contestants, Rider was and remained seized of the legal title to the real estate in question at the time of his death.    We are therefore, of the opinion that upon the case as presented by the contestants themselves, the jury could only have answered the question submitted to them in the affirmative.

If this be true, then the contestants cannot well claim here that they have suffered injury by the finding of the jury or the rulings of the court on the trial.    For these reasons alone the order appealed from should be affirmed.    We are, however, constrained in this connection to say that in our opinion the finding of the jury has not and cannot aid the surrogate in the final disposition of the application for the sale of testator's real estate, for whatever equities the contestants have in real estate in question it becomes the duty of the court to protect in the final disposition of this proceeding, notwithstanding the fact that Rider may have died seized of the real estate.

Just what those equities are we do not now undertake to determine.    These matters are left for the consideration of the court in the future proceedings had herein.

Order appealed from should be affirmed.

DWIGHT and MACOMBER, JJ., concur.